## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WANDA COLIN,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
DA-0752-17-0016-I-1

DATE: October 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wanda Colin</u>, Marrero, Louisiana, pro se.

<u>Brandi M. Powell</u>, New Orleans, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    After the appellant had been absent on approved leave without pay for more than 1 year, the agency removed her from her GS-8 Medical Records Technician position effective December 12, 2015. Initial Appeal File (IAF), Tab 7 at 11-18. On appeal, the administrative judge issued an initial decision finding that the agency proved its charge by preponderant evidence, the appellant failed to prove her affirmative defenses of disability discrimination and retaliation for filing a claim with the Office of Workers' Compensation Programs (OWCP), and the penalty of removal was within the bounds of reasonableness. IAF, Tab 13, Initial Decision (ID). The appellant has filed an apparently untimely petition for review of the initial decision. Petition for Review (PFR) File, Tabs 1-2.

¶3    The appellant does not challenge the administrative judge's findings concerning the merits of the case. As a general rule, an adverse action cannot be based on an employee's use of approved leave. *Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶ 9 (2007). However, the Board has held that an agency may bring an adverse action against an employee for excessive approved absences if the following criteria are met: (1) the employee is absent for compelling reasons beyond her control so that the agency's approval or disapproval was immaterial because she could not be on the job; (2) the absences continued

beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular basis; and (3) the position needed to be filled by an employee available for duty on a regular basis. *Id.* Even if, as here, the employee is receiving workers' compensation benefits, an agency need not carry the employee on its employment rolls indefinitely. *Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 12 (2012), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014). After a year, when the employee's right to unconditional restoration expires, the agency may remove the employee based on excessive absence. *Id.*, ¶ 13. The administrative judge correctly found that the agency met its burden of proof. ID at 4-5.

¶4 The administrative judge further found that the appellant did not prove disability discrimination based on a failure to accommodate because the appellant failed to identify any accommodation that would allow her to perform the essential functions of her position. ID at 8-9. In fact, the agency attempted to take measures to alleviate what it understood to be a disability related to environmental factors at her work location. However, environmental changes, such as relocating the appellant's office and fumigating the space, had no impact because the appellant's disability is not simply a matter of an unhealthy working environment. In fact, the agency agreed, as part of the settlement of an equal employment opportunity complaint, to permanently relocate the appellant's work station to a different building, but she still could not bring herself to come to work. The appellant did not request any nonenvironmental accommodations, and it is not apparent what other accommodation might make it possible for her to return to work, given the unique circumstances of her particular medical condition. Therefore, we see no error in the administrative judge's finding that the appellant failed to prove reasonable accommodation disability discrimination.

¶5 The administrative judge also found that the appellant failed to prove disparate treatment disability discrimination because she did not show that her

disability was a motivating factor in the decision to remove her. *Id.* The administrative judge found that the appellant did not prove retaliation for filing an OWCP claim because the appellant failed to introduce any evidence that the proposing and deciding officials harbored any retaliatory intent. ID at 10-11. These findings are well supported by the record and we see no reason to disturb them.[2]

¶6     On review, the appellant reiterates allegations she made below about the agency's handling of her disability retirement application. Based on the appellant's allegations and the documentation she has submitted in support of them, there is reason to believe that the agency may have made fundamental errors in compiling the agency's portion of the disability retirement application. The appellant speculates that the agency's misfeasance constitutes both disability discrimination and retaliation for her OWCP activity. However, she identifies no evidence of discriminatory or retaliatory motive, and there is nothing in the record to suggest a causal link between the appellant's status and the agency's action.

¶7     Moreover, the Board generally has jurisdiction over Office of Personnel Management (OPM) determinations affecting an individual's rights or interests under the retirement system only after OPM has issued a final or reconsideration decision. *Coffey v. U.S. Postal Service*, 77 M.S.P.R. 281, 286 (1998). When an appellant alleges that OPM's adjudication of his annuity was incorrect because of errors on the part of his former employing agency, he still has to show that OPM has issued a reconsideration decision on the matter before he could appeal it to the Board. *Id.* Here, because there is no evidence that OPM has adjudicated the appellant's disability retirement application and issued a reconsideration decision,

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

the appellant's claim of discrimination and retaliation in the handling of her disability retirement application is not within the Board's purview at this point.

¶8        In light of our finding on the merits of this appeal, we need not address the apparent untimeliness of her petition for review.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.    5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.